## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| IRVING TANNING COMPANY et al., ) | |
| ) | Case No. 10-11757 |
|     Debtors ) | |
| ) | |
| ) | |
| DEVELOPMENT SPECIALISTS, INC., ) | |
| ) | |
|     Plaintiff ) | Adv. Proc. No. 12-1024 |
| ) | |
| v. ) | |
| ) | |
| MICHAEL W. KAPLAN et al., ) | |
| ) | |
|     Defendants/ Third party Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| MERITURN PARTNERS, LLC. et al., ) | |
| ) | |
|     Third Party Defendants ) | |

### ORDER GRANTING MOTION TO DISMISS

Irving Tanning and five affiliated companies filed chapter 11 bankruptcy in late 2010. All assets of the company were sold and a liquidating trust was created through a confirmed plan of reorganization. The liquidating trustee ("Trustee") brought a leveraged buyout (LBO) complaint against the former shareholders of one of the debtors, Prime Tanning Co., Inc., alleging that the sale of Prime Tanning stock in 2007, and a release agreement executed in 2010, were fraudulent transfers, and seeking to recover under section 544(b) and applicable state law. The former

shareholders filed a third-party complaint against the Meriturn Partners, LLC[1] claiming that Meriturn structured and negotiated the LBO and was responsible to the former shareholders for contribution and indemnification under state law. Presently before the court is the third-party defendants' motion to dismiss on the basis that the indemnification and contribution claims are not viable. Following oral argument, I ordered further briefing on the issues of jurisdiction and abstention.

Before addressing the merits of the motion to dismiss, I must assess my jurisdiction. See Boylan v. George E. Bumpus, Jr. Constr. Co. (In re George E. Bumpus, Jr. Constr. Co.), 226 B.R. 724, 725-6 (B.A.P. 1st Cir. 1998).

In order for this Court to have jurisdiction, the proceeding must "arise under," "arise in," or be "related to" the chapter 11 case. 28 U.S.C. §1334(b). Cases that "arise under" or "arise in" are considered to be in the bankruptcy court's core jurisdiction. See 28 U.S.C. §157(b).

"Proceedings 'arise under' title 11 if they involve a 'cause of action created or determined by a statutory provision of title 11.' . . . . In contrast, proceedings 'arising in' a bankruptcy case 'are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of bankruptcy.'" Concerto Software, Inc. v. Vitaquest International, Inc., 229 B.R. 448, 452 (D. Me. 2003)(internal citations omitted). A matter is related to a bankruptcy case if it could "potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact on the handling and administration of the bankrupt estate." In re G.S.F. Corp., 938

---

[1] The third party defendants are Meriturn and its directors, referred to herein collectively as Meriturn or third party defendants.

F.2d 1467, 1475 (1st Cir. 1991)(quoting In re Smith, 866 F.2d 576, 580 (3rd Cir. 1989). In Boyajian v. DeLuca (In re Remington Development Group, Inc.), 180 B.R. 365 (Bankr. D. R.I. 1995), a case involving facts virtually identical to those here, Judge Haines of this court, sitting by designation in Rhode Island, concluded that in an action by the Chapter 11 trustee there was no related to jurisdiction over a third-party complaint for indemnification. As the court noted, "A claim for indemnity or contribution, if successful, will merely adjust the rights between the defendant and the third-party defendant. The defendant alone remains potentially liable to the plaintiff in the main action." 180 B.R. at 370 (quoting Neil v. Borreson (In re John Peterson Motors, Inc.). 56 B.R. 588 (Bankr. D. Minn. 1986)).

In this case, the parties agree that the LBO complaint is within the court's core jurisdiction and that appears to be so. With respect to the third-party complaint seeking contribution or indemnification under state law, the parties agree it is, at most, a related to matter.[2] It should be noted that the Trustee asserts no direct claims against Meriturn, nor could he since any claims of the estate against Meriturn were released during the debtors' Chapter 11 case. The Trustee and third-party plaintiffs contend that the third-party claim might affect case administration if third-party defendants are unable to satisfy any potential judgment in favor of the Trustee. But those indemnification and contribution claims are unrelated to the merits of the Trustee's complaint. The indemnification claims may be pursued in a court of competent jurisdiction.

For these reasons, and because I agree with the Boyagian decison, the third-party

---

[2] The plaintiff and defendants contend that the third-party complaint is a related to matter. The third-party defendants initially shared that view. They now contend that the third-party complaint is not related to the bankruptcy case.

complaint must be dismissed under 28 U.S.C. §1334(b) because this court lacks related to jurisdiction over the state law claims. Moreover, should it be otherwise, I would abstain pursuant to 28 U.S.C. §1334(c)(1) in the interests of respect for state law.

The third party complaint is dismissed without prejudice. SO ORDERED.

DATED: July 8, 2013

_____
Louis H. Kornreich
United States Bankruptcy Judge